UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TREVOR HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 09-11407-PBS |
| MICHAEL O'MALLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MORE
DEFINITE STATEMENT AND TO COMPEL PLAINTIFF'S
COMPLIANCE WITH THIS COURT'S JULY 14, 2010 ORDER**

December 28, 2010

DEIN, U.S.M.J.

**DISCUSSION**

The plaintiff, Trevor Howell ("Howell"), presently an inmate at the North Central Correctional Institution ("NCCI Gardner"), was previously incarcerated with the Massachusetts Department of Correction ("DOC") at MCI-Norfolk in Norfolk, Massachusetts. He has brought an action against the DOC and numerous corrections officers alleging violations of his constitutional rights in connection with disciplinary proceedings brought against him while he was confined at MCI-Norfolk. On July 13, 2010, the court granted the "Defendants' Motion for More Definite Statement" (Docket No. 36) and ordered Howell to file a "concise complaint." (Docket Entry 7/13/10). On October 4, 2010, Howell filed an Amended Complaint entitled "Plaintiff's Definite Statement for

Defendants/New Amended Complaint" (Docket No. 41). It is a 24-page document with over 100 pages of exhibits.

This matter is presently before the court on the "Defendants' Motion to Strike Plaintiff's More Definite Statement and to Compel Plaintiff's Compliance with this Court's July 14, 2010 Order" (Docket No. 42) ("Defs. Mot."). By this motion, the defendants challenge Howell's references to exhibits as being inconsistent and rambling. Moreover, not all of the exhibits are attached, and some are apparently attached to earlier pleadings. The defendants request that the court strike the amended complaint and give the plaintiff one more opportunity to file a pleading which comports with the Federal Rules of Civil Procedure. If he fails to do so, the defendants request that this action be dismissed with prejudice.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Concise pleadings are required so as to avoid an undue burden on the court and the opposing party. Id. Only if a complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised[,]" will dismissal be appropriate. Id.

Plaintiff's *pro se* status does not excuse a failure to comply with the Federal Rules of Civil Procedure.  See McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).  Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotations and citations omitted).

Defendants have admitted that "the New Amended Complaint is greatly improved over the prior Amended Complaint (although it is still overly verbose and contains duplicative alleged facts at various points)[.]"  (Defs. Mot. at ¶ 8).  Their principal objection is that the references to exhibits and the problems with the actual documents attached render the Amended Complaint incomprehensible at times.  Id.  A review of the Amended Complaint confirms that Howell's references to exhibits are extremely hard to understand.  On the other hand, a fair reading of the Amended Complaint establishes that Howell cites to exhibits solely as support for the factual allegations made in the text of the complaint, and that there are sufficient factual allegations without consideration of the exhibits themselves.  Thus, while the Amended Complaint "is indeed long . . . and at many times rambling, it sufficiently fulfills the purpose of Fed. R. Civ.P. 8(a) so as not to be in violation of the previous court order." L'Heureux v. Whitman, 125 F.3d 841, 1997 WL 639323, at *1 (1st Cir. Oct. 9, 1997) (unpub. op.).

## ORDER

In light of the improvements made by Howell in the Amended Complaint, and the fact that the defendants understand the claims being asserted, there is no reason for Howell to be required to file another complaint. The defendants' Motion to Strike (Docket No. 42) is ALLOWED IN PART and DENIED IN PART. In particular, all references to exhibits shall be deemed stricken from all paragraphs of the Amended Complaint, and the exhibits shall be separated from the complaint and treated as a document production. In addition, paragraphs 177-196 of the Amended Complaint, which purport only to renumber exhibits, will be deemed stricken in their entirety. The motion is otherwise denied.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge